# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **PAULA WOODY,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: |
| ) | |
| **LOWE'S HOME CENTERS, LLC,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441-1453, Defendant, Lowe's Home Centers, LLC ("Defendant"), files this Notice of Removal of the present case from the Obion County Circuit Court in Union City, Tennessee, to the United States District Court for the Western District of Tennessee at Jackson, and avers as follows:

1. Plaintiff Paula Woody ("Plaintiff") initiated this action on March 31, 2022, by filing a Complaint in the Obion County Circuit Court. *See* (Exh. 1, Summons and Complaint).

2. Plaintiff is a citizen and resident of Tory, Obion County, Tennessee. *See* Compl. at ¶1.

3. Defendant Lowe's Home Centers, LLC is a foreign limited liability company organized under the laws of the State of North Carolina. "The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member

of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.* Defendant has one member, Lowe's Companies, Inc. Lowe's Companies, Inc. is a foreign corporation incorporated under the laws of the State of North Carolina with a principal address in Mooresville, North Carolina. Therefore, Defendant Lowe's Home Centers, LLC is a citizen of the State of North Carolina.

4. The Defendant received service of the Summons and Complaint on April 7, 2022. *See* Exh. 1 at p. 1. Accordingly, this Notice of Removal is filed timely pursuant to 28 U.S.C. § 1446(b) as it is filed within 30 days of service of the Summons and Complaint on Defendant. *See also* Fed. R. Civ. P. 6(a). Defendant has not filed an answer or other responsive pleading in the State Court action.

5. This action is of a civil nature alleging personal injuries to Plaintiff on Defendant's premises. Plaintiff asserts theories of negligence. *See* Compl. at ¶¶ 4-10.

6. Plaintiff brings suit against Defendant in the amount of $500,000. *See* Compl. ¶Relief Sought; *see also* 28 U.S.C. § 1446(c)(2).

7. The present lawsuit is removable from state court to this Court pursuant to 28 U.S.C. § 1332(a) because the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

8. Defendant respectfully avers that the time for removal has not expired under 28 U.S.C. § 1446(b). This Notice of Removal has been filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

9. Venue is proper in this district because the alleged events giving rise to Plaintiff's suit occurred in Obion County, Tennessee, which is within this Court's district. *See* 28 U.S.C. § 1391(a). Further, the state court where this action was commenced is within this Court's district, therefore this action is properly removed to this Court under 28 U.S.C. § 1441(a).

10. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal will be served promptly on Plaintiff, through their counsel of record Jeffrey P. Boyd, and filed with the Clerk of the Obion County Circuit Court in Union City, Tennessee.

11. Nothing in this Notice of Removal is or shall be interpreted as a waiver or relinquishment of any of the Defendant's rights to assert any defense or affirmative matter. The Defendant specifically reserves all rights, defenses and affirmative matters, including but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue or for transfer of venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims; (6) failure to state a claim; and (7) any other defense available under the Tennessee Rules of Civil Procedure, the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

WHEREFORE, the above-captioned action, now pending in the Obion County Circuit Court as CC-22-CV-24, is removed therefrom to this Honorable Court.

Respectfully submitted:

/s Cameron M. Watson
Cameron M. Watson (BPR #33613)
Spicer Rudstrom, PLLC
Attorneys for Defendant
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2319
(901) 526-0213 fax
cwatson@spicerfirm.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the foregoing document was served upon the following:

Jeffrey P. Boyd
114 South Liberty Street
Jackson, TN 38301

via the Court's electronic filing system, on this 6th day of May, 2022.

                                    /s Cameron M. Watson
                                    Cameron M. Watson